IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **EPHAN MOORE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CASE NO.:** _____ |
| ) | |
| **LIEUTENANT RODERICK** ) | **JURY TRIAL DEMANDED** |
| **GADSON, JR., LIEUTENANT** ) | |
| **BRANDON BURNS, and** ) | |
| **SERGEANT JAJUAN HOWARD,** ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW,** the Plaintiff, Ephan Moore, by and through the undersigned counsel and alleges the following:

### PARTIES

1. **Plaintiff Ephan Moore** ("Plaintiff") is a citizen of the United States, a citizen of the State of Alabama, and is over 19 years of age. At all times relevant hereto, Plaintiff was in the custody of the Alabama Department of Corrections ("ADOC"), being housed at St. Clair Correctional Facility in Springville, Alabama. Plaintiff is currently housed at Limestone Correctional Facility in Harvest, Alabama.

2. **Defendant Lieutenant Roderick Gadson, Jr.** ("Defendant Gadson") is a citizen of the United States, a citizen of the State of Alabama, and is over 19 years of

1

age. At all times relevant hereto, Defendant Gadson was employed by the ADOC as a Lieutenant at St. Clair Correctional Facility, acted under the color of law, and acted in the scope of his employment. Defendant Gadson is being sued in his individual and official capacities.

3. **Defendant Lieutenant Brandon Burns** ("Defendant Burns") is a citizen of the United States, a citizen of the State of Alabama, and is over 19 years of age. At all times relevant hereto, Defendant Burns was employed by the ADOC as a Lieutenant at St. Clair Correctional Facility, acted under the color of law, and acted in the scope of his employment. Defendant Burns is being sued in his individual and official capacities.

4. **Defendant Sergeant Jajuan Howard** ("Defendant Howard") is a citizen of the United States, a citizen of the State of Alabama, and is over 19 years of age. At all times relevant hereto, Defendant Howard was employed by the ADOC as a Sergeant at St. Clair Correctional Facility, acted under the color of law, and acted in the scope of his employment. Defendant Howard is being sued in his individual and official capacities.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), 28 U.S.C. § 1343(a)(4), and 42 U.S.C. § 1988(a), as this action

seeks redress for the violation of Plaintiff's Eighth and Fourteenth Amendment rights under the Constitution of the United States, pursuant to 42 U.S.C. § 1983.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same case or controversy and are so related to Plaintiff's 42 U.S.C. § 1983 claims.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions that give rise to Plaintiff's claims occurred within this Court's judicial district.

## FACTUAL ALLEGATIONS

### I. The Events Leading up to the Assault.

8. On July 14, 2022, Plaintiff was housed at St. Clair Correctional Facility.

9. Plaintiff and fellow inmate, Wilbert Smith ("Mr. Smith"), were attending a money management class on the Visitation Yard at St. Clair.

10. At approximately 8:20 am, Plaintiff and Mr. Smith arrived at the gate. Officer Altice was working at the gate. Before entering class, inmates were required to proceed through a security check at the gate.

11. Mr. Smith walked through and cleared the metal detector first. Although he cleared the metal detector, Officer Altice still patted Mr. Smith down. Mr. Smith complained of the pointless pat down but complied. This search was fruitless.

12. Plaintiff then walked through and cleared the metal detector. After clearing the metal detector, he was also patted down by Officer Altice. This search was also fruitless.

13. Plaintiff and Mr. Smith proceeded to the money management class without incident.

14. After the money management class began, Defendants Gadson and Burns and Officer Altice called Mr. Smith to the front of the class and asked him why he refused to be patted down earlier in the morning.

15. Mr. Smith responded that he was patted down, and he walked through the metal detector. Defendants Gadson and Burns asked Officer Altice whether Mr. Smith answered truthfully regarding being patted down. Officer Altice replied yes.

16. Defendants Gadson and Burns then asked Officer Altice whether the metal detector alerted when Mr. Smith walked through it. Defendant Altice replied that he did not recall.

17. Plaintiff came to Mr. Smith's defense. He stated that the metal detector did not go off when Mr. Smith walked through it.

18. After he spoke up, Defendant Gadson immediately ordered him to place his hands behind his back. Plaintiff complied and was handcuffed.

19. Defendant Gadson exclaimed, "this isn't West Jefferson [Donaldson Correctional Facility]" and that he "wish[ed] he would have been there" because he "would have killed" Plaintiff.[1]

20. Defendant Gadson also exclaimed that Plaintiff was the reason "Binder and Brown got fired" and that he had been waiting to catch Plaintiff in this type of position to try and kill him.[2]

21. Plaintiff knew that Defendant Gadson had a history of abusing inmates, so he did not reply.

22. Plaintiff was escorted to healthcare to get a body chart by Defendants Gadson and Burns. He declined the body chart and requested to be taken to his cell. Plaintiff's medical records importantly noted that he had no visible skin issues at that time.

23. While being escorted to his cell by Defendants, an inmate whose last name is Dickerson was in the walkway. Dickerson, who also knew of Defendants' history of abuse, asked the Defendants not to assault Plaintiff.

24. Defendant Gadson replied, "Shut up. We about to beat him to death."

**II.    Defendants' Brutal Assault of Plaintiff.**

---

[1] Lieutenant Gadson was referring to a prior incident in which Plaintiff was assaulted by correctional officers at Donaldson Correctional Facility.

[2] Lieutenant Gadson was referring to the officers who assaulted Plaintiff at Donaldson.

5

25. Instead of being escorted to his cell, Plaintiff was escorted to the segregation office.

26. When Plaintiff and the Defendants arrived at the segregation office, Defendant Gadson ordered the officers in the office to step outside. Plaintiff remembers Lieutenant Price, the PREA officer at Donaldson, was one of the officers.

27. Defendant Gadson stepped inside the segregation office and told the people inside to step out.

28. Once inside the room, Defendant Burns removed Plaintiff's handcuffs. Plaintiff kept his hands behind his back to not be considered resistant or violent in any way.

29. At some point, Defendant Howard entered the segregation office and asked if Plaintiff was involved in the Donaldson incident. Defendant Gadson replied, "Yeah. This his bitch ass!" while pacing the floor.

30. Completely unprovoked and with no justification, Defendant Howard punched Plaintiff in his left eye. Defendant Burns then struck Plaintiff in the face with a baton.

31. Defendant Howard held Plaintiff in a position, that prevented him from defending himself, while Defendants Gadson and Burns continued to hit and/or kick him.

32. In an act of desperation and in self-defense, Plaintiff bit Defendant Howard to get him to loosen his grip so he can escape the assault.

33. Once Plaintiff was freed from the grip, he tried to run out of the segregation office to safety. One of the Defendants struck Plaintiff in the back of the head with a baton. He fell to the ground and was continuously stomped, kicked, and assaulted by Defendants.

34. Plaintiff was beat in and out of consciousness. He remembers hearing one of the Defendants state that he was "going to UAB today" and that he was "gonna die today."

35. Plaintiff awoke to handcuffs being placed back on him. He was taken back to health care for a body chart.

### III.  Plaintiff's Substantial Physical Injuries.

36. On July 14, 2022, after the assault, Plaintiff received a body chart at St. Clair. He reported that he got assaulted by Defendants Burns and Gadson.

37. The body chart notated the following injuries: lacerations of the right back side of Plaintiff's head, lacerations on the left back side of his head, a laceration on his right eyebrow, and a busted bottom lip.

38. Records noted that Plaintiff appeared "anxious and agitated." Six (6) sutures and/or staples were applied to the laceration above Plaintiff's right eyebrow. Eight (8) staples were applied to the posterior laceration on the left side of Plaintiff's head.

39. On July 15, 2022, the day after the assault, Plaintiff was transferred to Kilby Correctional Facility ("Kilby").

40. On July 15, 2022, Plaintiff received a body chart at Kilby's Infirmary. Plaintiff stated that his injuries were a result of being assaulted by officers at St. Clair. The body chart noted the following injuries: eight (8) staples to the back of Plaintiff's head, six (6) staples to his above his right eyebrow, discolored/bruising to his left chest, a superficial scratch to his lower left chest, a discolored and swollen right wrist, abrasions to his right hand, slight bruising and swelling to his right lower back, and discolored/bruising to his left lower eye.

41. On July 15, 2022, Plaintiff complained that he was "sore all over." On this day, he explained that Defendants assaulted him at St. Clair "with their sticks."

42. On July 27, 2022, Plaintiff complained of "pain originating in lower back with left leg radiation after the police beat [him] up at St. Clair on July 14th." He rated his pain an 8 out of 10, with 10 being extreme pain. He described his pain as sharp, with no alleviating factors, that was worsened by movement, sitting, and lying. He also complained of "rib pain" to his left upper torso that worsened by deep breathing.

43. On August 12, 2022, Plaintiff complained of "right rib pain and left lower back pain." He stated that he sustained the injuries after being "assaulted in July at another camp." He described his pain as sharp and explained that it worsened at

night while trying to lie flat to sleep. He rated his pain a 7 out of 10 when standing and a 10 out of 10 when laying down, with a 10 being extreme pain.

### IV. Plaintiff's Retaliatory Disciplinaries.

44. In an attempt to retroactively justify the assault of Plaintiff, Defendant Gadson wrote Plaintiff three disciplinaries for the incident. He was written up for biting Defendant Howard, though he acted in self-defense; failure to obey; and making a threat to Defendant Gadson.

45. According to the disciplinary for the alleged threat, Plaintiff violated ADOC Administrative Regulation #403 when he threatened Defendant Gadson in the segregation office. The disciplinary read as follows: "You, inmate Ephan Moore B/276063 did threaten Lieutenant Gadson by stating 'that you could end up just like Officer Brown from Donaldson.'"

46. Plaintiff testified at the hearing that he referenced Officer Brown being terminated after assaulting him after Defendant Gadson threatened to kill him.

47. Hearing Officer Maurice K. Spencer found Plaintiff not guilty of making a threat.

48. Plaintiff also adamantly maintains that he only bit Defendant Howard in self-defense, and he did not obey any commands.

## CAUSES OF ACTIONS

## FEDERAL CLAIMS

### COUNT I: VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE

9

49. Plaintiff adopts and re-alleges paragraphs 1-5 and 7-48 of this Complaint as if fully set forth herein.

50. This Count applies to all Defendants.

51. As Lieutenants and as a Sergeant at St. Clair, Defendants had a duty to ensure the safety and well-being of inmates housed at the prison.

52. As spelled out more fully above, Defendant Howard used unnecessary, excessive, and unnecessary force against Plaintiff when he punched him in the face and held him as Defendants Gadson and Burns brutally attacked him.

53. As spelled out more fully above, Defendant Burns used unnecessary, excessive, and unnecessary force against Plaintiff when he struck him in the face with a baton and repeatedly punched, kicked, stomped, and assaulted him.

54. As spelled out more fully above, Defendant Gadson used unnecessary, excessive, and unlawful force against Plaintiff when he repeatedly punched, kicked, stomped, and assaulted him.

55. At all times relevant, Plaintiff was unarmed and posed no threat of harm to either of the officers.

56. The force applied by Defendants served no penological purpose. Defendants intentionally used extreme and excessive cruelty toward Plaintiff for the very purpose of causing him harm.

57. As a result of Defendants' unjustified and unconstitutional use of force, Plaintiff sustained severe injuries to his person, including lacerations of the right back side of his head, lacerations on the left back side of his head, a laceration on his right eyebrow, a busted bottom lip, and bruises and contusions over his body.

58. The force exercised by Defendants amounted to a clear violation of Plaintiff's constitutionally protected right to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.

### COUNT II: VIOLATION OF 42 U.S.C. § 1983 – SUPERVISORY LIABILITY

59. Plaintiff adopts and re-alleges paragraphs 1-5, and 25-43 of this Complaint as if fully set forth herein.

60. This Count applies to all Defendants.

61. A claim of supervisory liability can be brought under § 1983 when the supervisor personally participated in the alleged constitutional violation.

62. Defendants, as Lieutenants and as a Sergeant, all held supervisory positions at St. Clair.

63. In their supervisory capacities, Defendants all participated in the unlawful beating of Plaintiff that caused him substantial injuries, including lacerations of the right back side of his head, lacerations on the left back side of his head, a

laceration on his right eyebrow, a busted bottom lip, and bruises and contusions over his body.

64. Defendants' participation in the unlawful assault of Plaintiff amounted to deliberate indifference towards Plaintiff's safety and well-being.

## STATE CLAIMS

## COUNT III: ASSAULT AND BATTERY

65. Plaintiff adopts and re-alleges paragraphs 1-7, and 25-43 of this Complaint as if fully set forth herein.

66. This Count applies to all Defendants.

67. Defendant Howard sadistically and maliciously assaulted Plaintiff by willfully by intentionally inflicting serious harm to his person when he punched him in the face and held him as Defendants Gadson and Burns brutally attacked him.

68. Defendants Burns and Gadson sadistically and maliciously assaulted Plaintiff by willfully by intentionally inflicting serious harm to his person when they repeatedly hit, kicked, stomped, and assaulted him.

69. At no time before or during the attack was Plaintiff armed or pose a threat of harm to either officer.

70. Defendants knew or should have known that their actions were known to carry severe medical risks, but they wholly disregarded such risks.

71. As a result of Defendants' assault and battery, Plaintiff sustained substantial physical injuries, including lacerations of the right back side of his head, lacerations on the left back side of his head, a laceration on his right eyebrow, a busted bottom lip, and bruises and contusions over his body.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants, both jointly and severally, for the following relief:

a. Compensatory damages, jointly and severally, for emotional distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages in an amount to be determined by a jury;

b. Nominal damages in an amount to be determined by a jury;

c. Punitive damages in an amount to be determined by a jury;

d. Reasonable attorney's fees and costs pursuant to 42 U.S.C § 1988; and

e. All other and further monetary and/or equitable relief as this Honorable Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Respectfully submitted on this 12th day of July 2024.

                                                */s/ Leroy Maxwell, Jr.*
                                                Leroy Maxwell, Jr.
                                                Kristen E. Gochett
                                                *Attorneys for Plaintiff*

**Maxwell & Tillman**
1820 3rd Avenue North, Suite 300
Birmingham, AL 35203
Phone: (205) 216-3304
Fax: (205) 409-4145
Email: maxwell@mxlawfirm.com
         kgochett@mxlawfirm.com

### DEFENDANT(S) SERVED VIA CERTIFIED MAIL:

**Lieutenant Roderick Gadson, Jr.**
8212 Russell Drive
McCalla, AL 35111

**Lieutenant Brandon Burns**
3539 Mary Taylor Road, Apt. 710
Birmingham, AL 35235

**Sergeant Jajuan Howard**
2951 Highway 77
Attalla, AL 35954

                                                */s/ Leroy Maxwell, Jr.*
                                                OF COUNSEL